SCAD-13-0000135

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

GILBERT P. KEA, Respondent.

---

ORIGINAL PROCEEDING
(ODC 06-029-8369, 06-052-8392, 07-048-8508, 07-139-8559)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, recommending, *inter alia*, that this court disbar Respondent Gilbert P. Kea, the Petitions, and the evidence in the record, this court reaches the following findings and conclusions based upon clear and convincing evidence; specifically, that:

In ODC No. 06-029-8369, by failing to ensure he maintained communications with the Department of Labor and Industrial Relations (LIRAB) after missing the October 6, 2000 hearing, and thereby failing to attend subsequent hearings on November 17, 2000 and December 7, 2000, which resulted in the dismissal of his client's appeal, Kea violated Rules 1.1, 1.3 and

3.4(e) of the Hawaiʻi Rules of Professional Conduct (HRPC). By failing to keep his client apprised of the hearing schedule and failing to provide her with sufficient information during the period of September through December, 2000 sufficient to preserve her appeal, Kea violated HRPC Rules 1.4(a) and 1.4(b). By failing to inform LIRAB of his withdrawal from the representation, to the detriment of the client's interests, Kea violated HRPC Rule 1.16(d). By failing to respond to the Office of Disciplinary Counsel (ODC) or obey the subpoena issued in the matter, Kea violated HRPC Rules 8.1(b) and 8.4(d). In mitigation, however, we note the client failed to assert any interest in the matter for more than three years following Kea's withdrawal, and waited a further twenty-two months to report the matter to ODC and, further, a summons and petition in the matter was not filed by ODC until more than five years after the issuance of its April 4, 2006 subpoena, on September 9, 2011.

In ODC No. 06-052-8392, by failing to file the affidavit for damages and to otherwise complete the litigation, Kea violated HRPC Rules 1.3 and 3.2. By failing to respond to the client's numerous telephone calls, her requests for a briefing on the status of the litigation, and for a copy of the court order denying her own, *pro se* affidavit, Kea violated HRPC Rules 1.4(a) and 1.4(b). By failing to inform the client of his suspension from the practice of law or to provide her with her requested final accounting or a refund of unearned fees, he violated HRPC Rules 1.4(b), 1.15(f)(3) and 1.16(d). When Kea informed the client's assistant on November 5, 2005, that he had

2

filed the required affidavit for costs with the court when, in fact, he had not, Kea misrepresented the truth, in violation of HRPC Rule 8.4(c). By failing to respond to ODC's inquiries in the subsequent investigation, Kea violated HRPC Rules 8.1(b) and 8.4(d). This court further notes ODC corresponded with Kea in this matter in April, 2006, but did not issue the petition seeking discipline until more than five years later, on September 9, 2011.

In ODC No. 07-139-8559, by failing to communicate with his client between September and December, 2006, and by failing to appear at the December 6, 2006 hearing, Kea violated HRPC Rules 1.3, 1.4(a), and 1.4(b). By misrepresenting the seriousness and implications of his December 15, 2006 suspension for failing to cooperate, thereby denying the client the opportunity to timely arrange for alternate legal representation, Kea violated HRPC Rules 1.4(b) and 8.4(c). By providing legal advice at a January, 2007 meeting with the client while suspended from the practice of law, Kea violated HRPC Rule 5.5(a). In light of the length of the representation and the work invested by Kea on the client's behalf, the record does not establish by clear and convincing evidence that Kea failed to earn all of the funds received, making a restitution order inappropriate, but the record does demonstrate that, by failing to provide an accounting when he paid himself $7,000.00 in client funds during the representation, and by again failing to provide an accounting when paying himself the final installment of $1,621.24 upon the conclusion of the representation, Kea violated HRPC Rule

3

1.15(f)(3). By failing to respond to ODC's investigation into the matter, Kea violated HRPC Rule 8.1(b) and 8.4(d). Finally, this court notes the record does not indicate when ODC received Trombley's complaint and when, or if, ODC contacted Kea in this matter, but notes the relevant events occurred in 2006 and early 2007, and the formal petition for discipline in this matter was filed February 13, 2012.

In ODC No. 07-048-8508, by failing to file an affidavit that he had fully complied with the conditions of his December 15, 2005 interim suspension, as required by Rule 2.16(d) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), or to respond to ODC's inquiries into that failure, Kea violated HRPC Rule 3.4(e), 8.1(b), and 8.4(d). The court again notes, however, ODC notified Kea on April 9, 2007 of the initiation of disciplinary proceedings for the failure to file the affidavit, but did not issue its petition in that case until September 9, 2011.

In aggravation, this court finds Respondent Kea had substantial experience in the practice of law and in the present matters finds multiple violations and a pattern of being unresponsive and dilatory with regards to clients' needs. In mitigation, this court notes Kea's clean disciplinary record prior to the instant matters, and the substantial delay in the disciplinary process. Therefore, suspension being warranted, *see, e.g., ODC v. Duvauchelle*, No. 19459 (October 14, 1997); *ODC v. Ching,* No. 16907 (April 14, 1993); *ODC v. Battista*, No. 13626 (September 27, 1989),

4

IT IS HEREBY ORDERED that Respondent Gilbert P. Kea is suspended from the practice of law in this jurisdiction for five years, effective *nunc pro tunc* to September 9, 2011.

IT IS HEREBY FURTHER ORDERED that Respondent Kea shall file with this court, within ninety days after the date of entry of this order, an affidavit that he has complied with the requirements of RSCH Rule 2.16 with regards to his suspension from the practice of law, commencing on December 15, 2006.

IT IS HEREBY FURTHER ORDERED that Respondent Kea's interim suspension for failure to cooperate, imposed pursuant to RSCH Rule 2.12A, is set aside, pursuant to RSCH Rule 2.12A(b).

DATED: Honolulu, Hawaiʻi, July 2, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

